JOHN R. WOODLIEF, ADMR., ETC., V. WILLIAM W. DUCKWALL ET AL.

1. MEANING OF "DEFINITE" AND "INDEFINITE" FAILURE OF ISSUE.

When the precise time for the failure of issue is fixed by the will, as in the case of a devise to A, but if he dies without issue living at the time of his death, then to another, this is a failure of issue definite. An indefinite failure of issue is the very converse or opposite of this, and it signifies a general failure of issue whenever it may happen, without fixing any time or a certain or definite period within which it must happen.

2. REMAINDER IF DEVISEE "DIES WITHOUT LIVING ISSUE."

A devise of an estate for life with remainder over if the devisee "dies without living issue," does not convey by implication any estate in remainder to such devisee, since the remainder over is upon a definite failure of issue.

3. ISSUE BORN AFTER DEATH OF TESTATOR DOES NOT TAKE.

Where there is a devise of a life estate, with remainder over should the devisee die without living issue, the issue born to the devisee after the death of the testator, does not take the remainder by implication. (Swing, J., dissenting.)

4. REMAINDER GOVERNED BY LAWS OF DESCENT.

The effect of a will devising an estate for life with remainder over, should the devisee die "without living issue," is to leave the estate in remainder undisposed of, should the life devisee die with issue living, to be governed by the laws of descent.

Appeal from the Court of Common Pleas of Clermont county.

SMITH, J.

This is an action brought to obtain a construction of the will of Nicholas Gatch, deceased, late of Clermont county, Ohio.

So far as it is necessary to give the language or provisions of the will, they are as follows: "After all my debts and funeral expenses, etc., have been paid. I give and bequeath all the rest and residue of my property to my beloved daughter, Jamima Gatch Duckwall, during her natural life, including my real, personal and mixed property of every kind, and if my said daughter dies without living issue, then all the property devised by this will, I desire to revert to my brothers and sis--

Woodlief v. Duckwall.

ters or their heirs equally." He also provided that his said daughter whom he appointed as the executrix of his will, should pay certain sums named, to his relatives. This will was executed March 23, 1875, and was afterwards duly probated.

At the time of its execution, and at the time of his death, Mrs. Jamima Gatch Duckwall, wife of Wm. W. Duckwall, was his only child and heir at law, and if her father had died intestate, would have taken all of his property after the payment of his debts, absolutely, both real and personal.

The said Jamima Gatch Duckwall died February 2, 1894, intestate, leaving Katharine Duckwall her only child, and her husband W. W. Duckwall surviving her. Shortly after her death, the daughter, Katharine Duckwall, died, leaving a last will and testament by which she devised the whole of the estate owned by her, including the property which her mother had taken for life under the will of Nicholas Gatch, to other parties, defendants in this case. The questions for decision in this case are these: under the will of Nicholas Gatch, what interest did his daughter, Mrs. Duckwall, take in his estate. Did she take under the will, only a life estate, or a fee simple? If she only took a life estate by the will, did she on the death of her father as his only child and heir at law, take the remainder of this estate, as devised to her for her life, as property undevised by his will? Or did the will give and devise to Katharine Duckwall, as her only child and heir at law, the remainder in the estate, on the termination of the mother's life estate, by implication of law?

In the first place, it seems to us perfectly clear that on the death of Jamima Gatch Duckwall, leaving issue of her body (the said Katharine), surviving her; that the devise over of the property given to his brothers and sisters, was wholly inoperative and of no effect. What then was the interest which Mrs. Duckwall took in the property of the testator? It seems to us that it is also clear that she took but an estate therein for her own life. The will expressly gives her that, and so far as we can see, uses no language any where going to show that she took by implication, the remainder in the estate. In 29 Am. and Eng. Ency. Law, 385, the law is thus stated: "Under a will containing a provision for a devise to A and his heirs, or to A for life, followed by a gift over, *on an indefinite failure of issue*, A takes an estate tail by implication. On the other hand it is held that a gift over on a definite failure of issue has no such effect." The meaning of the terms, a definite, or an indefinite failure of issue is thus defined by Bouvier in his Law Dictionary, under the heading of "Failure of Issue." "Failure of issue is definite or indefinite. When the precise time for the failure of issue is fixed by the will, as in the case of a devise to Peter, but if he dies without issue living at the time of his death, then to another, this is a failure of issue definite. An indefinite failure of issue is the very converse or opposite of this, and it signifies a general failure of issue whenever it may happen, without fixing any time or a certain or definite period within which it must happen."

It is clear that in this case the gift over to the brothers and sisters of the testator was on a definite failure of issue, viz., in the event that his daughter Jamima Gatch Duckwall "dies without living issue," and therefore that she did not take an estate tail by implication, or any other estate by the terms of the will itself other than the life estate expressly given to her.

Did the daughter of Mrs. Duckwall, born after the death of the testator, take the remainder of his estate under the will by implication or otherwise. Certainly there is no express provision of this kind, and under the terms of the will, we think no implication of the kind arises. The law on this subject is thus stated on page 386-7 of the same authority, and seems to be supported by the authorities cited.

" It has been held that a gift to issue is not implied from a gift over upon a definite failure of issue, but a contrary construction has in several instances been adopted.

"A gift to children is not implied from an absolute gift of personalty to A, and if he shall die without having or leaving children (which means without having a child born, or without having a child living at his decease), nor from a gift to several as tenants in common, and if any die without issue, then shares to those then living or their children. And even if the gift to the parent is expressly for life, the children will not be held to take by implication in the absence of special circumstances, although in such case the court will lay hold of any indication of intention to raise a gift to them, and avoid imputing to the testator so extraordinary an intent as that the gift over is to take effect if the first taker have no child, but that the property is not to go to the child, if there is one, or its parent."

The effect of such holding is that if we can see no language in this will, which however liberally construed, would lead us to the conclusion that either the mother or the child took the remainder of the estate, by express language, or by implication even, as we do not, it follows that the interest in the estate so given to Mrs. Duckwall for life, was undevised by the will (for it is certainly not given to any other person), and passed on the death of the testator to Mrs. Duckwall, so that by the will and by descent she thus became the owner of the absolute estate and interest therein on the death of her father, the testator, subject to be divested if she died leaving no issue. On the death of Mrs. Duckwall, intestate, leaving Katharine Duckwall, her only child and heir at law, such estate passed to said Katharine subject only to the dower estate of her father Wm. W. Duckwall therein.

Judge Swing dissents from the judgment, being of the opinion that Katharine Duckwall took the remainder in the estate by implication of law, and therefore that her father had no dower estate therein.

*H. L. Nichols*, for devisees under will.

*William Breading* and *L. A. Hicks*, for creditors of husband of Mrs. Duckwall.